Harper, Ch.
No reasons for the decision in this case were given in the hearing below. No question was made with respect to the propriety of directing the executors (supposing them to be trustees,) to permit the complainants to have the possession of the articles of which it is supposed that the use can only be enjoyed by having the possession — such as wearing apparel and furniture. Nor is it apprehended that any difficulty will arise on the part of the executors. The bill is to have the stock or money paid over to the husband, either in his own right or as trustee for his wife.
With respect to the payment to the husband, in his own right, the English doctrine is relied on, as laid down in Hume v. Tenant, *131 (1 Br. Ch. 15,) and Fetteplace v. Gorges, (3 Br. Ch. 8,) that a married woman is considered as a feme sole, with respect to the disposal of her separate property; and as she may charge or dispose of it to any one else, it is supposed she may do so to her husband. But in this respect the English decisions seem to make an exception to the general doctrine. The case of Griffith v. Hood, (2 Ves. 452,) seems very much in point to the present. There a bill was brought by husband and wife for property given to the separate use of the wife. It was said that the husband and wife’s being joined, made it the husband’s bill, and that the wife should have sued by prochein amy, but the Court would secure the property to the separate use of the wife. It is plain that if the claim were by the wife, to have the property secured to her separate use, her claim is adversary to that of her husband, who ought to be made a defendant. In Richards v. Chambers, (10 Ves. 580,) the property was settled to the separate use of the wife, with power of appointment by deed or will; she executed an appointment in favor of her husband: husband and wife joined in a petition that the property might be paid over to him, and upon an examination de lene esse the wife expressed her willingness that it should be done. The subject was fully considered by the master of the rolls, and the petition dismissed. He observes that it is not like the case in which a husband has a right to the trust property of his wife, subject only to the obligation to make some provision for her before he reduces it into possession. The settlement in that case was made by the wife herself, before marriage; but it is observed “that the interests are of such a nature, that if created by a third person, he could have no power over them.” But certainly there can be no doubt, in this State, since the decision in Ewing v. Smith, (3 Eq. Rep. 417,) which has been followed ever since— that the wife has no power to charge or dispose of her separate property, even with the consent of her husband aad trustee. The doctrine was recognized in Patterson v. Magwood, (1 Hill’s Ch. Rep. 230;) and it is equally improper that the fund should be paid over to the husband as trustee. In general, the appointment of a trustee is for the protection of the rights of the married woman against the husband. By constituting him a trustee, he is invested *132 with the legal title, and might convey any property to a purchaser without notice; over money, his control would be absolute, even if he'Should give the most satisfactory security to answer for the capital. We are to recollect that the object of the donor was, that the wife should receive the issues and profits into her own hand, and enjoy and dispose of them for her own livelihood, or otherwise, as she might think proper. This object will almost certainly be defeated by constituting the husband trustee. He will be constantly tempted to use the authority and influence of a husband, to assume the disposal of the income and induce his wife to acquiesce. If he should fail to pay over, is it likely that the wife would come into this Court to call him to account; or ought the Court to place her in such a situation in which circumstances may require her to do so? Where the husband obtains possession of property given to the separate use of his wife, this Court makes him a trustee for the benefit of his wife; but he has never been constituted trustee for the purpose of enabling him to receive the property. In Bennet v. Davis, (2 Pr. Wms. 316,) where land was given to the separate use of the wife, it was argued by the reporter that it differed from the case of a legacy. There the legal title was in the executors, who would not be compelled to assent. In Rich v. Cockell, (9 Ves. 369,) where an administrator paid over to the husband property given to the separate use of the wife, it was said by the Chancellor to be improvidently done. In this case the executors are certainly at present trustees for the complainant, Mrs. Robinson, and they may have a title to be relieved from the trust by the appointment of another trustee, or upon a proper case made, the complainants may have another trustee appointed. But it will be time enough to consider of such an application when it is made; no application was made at the hearing for any inquiry as to the changing the mode of investment.
The decree is therefore affirmed.